## PROSKEY v. CUMBERLAND REALTY CO.

(Supreme Court, Special Term, New York County.  May, 1901.)

SALE OF PROPERTY—RIGHTS OF TENANT.

Where an apartment house was sold to one buying with notice of a tenant's rights, the fact that he intended to erect a new and expensive building will not authorize him to interfere with the lawful possession of the tenant of an apartment for an unexpired term, and the fact that the purchaser will lose a large sum if enjoined is not a sufficient reason for remitting the tenant to his action at law.

Action by Winfield S. Proskey against the Cumberland Realty Company.  Motion for injunction pendente lite.  Granted.

Frost & Johnson (Roger Foster, of counsel), for plaintiff.
Strong & Caldwalader, for defendant.

FREEDMAN, J.  This is a motion for an injunction pendente lite to restrain the defendant herein from destroying, tearing down, or removing the building known as the "Cumberland," an apartment house, and tearing down, destroying, or removing the stairways and necessary means of ingress thereto and egress therefrom, and from undermining the foundations, walls, or supports of said building, and doing such other acts as will render the building unsafe or uninhabitable.  The premises are located at the intersection of Twenty-Second street, Broadway, and Fifth avenue, in this city, and the plaintiff herein leased, on September 29, 1900, an apartment therein known as No. 21, consisting of two rooms, situated on the sixth floor, on the east side of the building, for the term of one year.  The defendant herein acquired the ownership of the premises bounded by Broadway, Twenty-Second street, and Fifth avenue about April 30, 1901, which plot includes the Cumberland, and proposes to erect thereon a modern fire-proof structure.  Under his lease, the plaintiff had a right of ingress to, and egress from, his rooms at all reasonable hours, the use of the fixtures in such apartment, the water supply, and the elevator service.  These rights were admitted and observed by the former owner, and were recognized and a promise made to respect them by the defendant, as appears from the contents of two letters written to the plaintiff under dates of March 4 and March 11, 1901, respectively, by one C. E. Harrell, whose authority to write such letters for and on behalf of the defendant is not disputed, and who states, among other things, that "if any one wishes to remain in the building after that period (May 1, 1901) the elevator will be kept running, and all the conditions of the leases legally complied with."  No charge is made that the plaintiff has not strictly complied with the terms and conditions of the lease upon his part.  Notwithstanding these facts, the defendant has, in the progress of its work upon its premises, begun the tearing down of this apartment house, has already torn down the stairway leading from the first to the second story, refuses to continue the elevator service, and has, in other particulars, interfered, and threatens to continue to interfere, with the rights granted the plaintiff under and by virtue of his lease, its principal

excuse being that it is engaged in an enterprise that will involve over $2,000,000; that any delay in the prosecution of the work in the tearing down of the buildings upon the premises, and the erection of new buildings thereon, will result in a large pecuniary loss; that the balance of disadvantage to the plaintiff from his having "to move out of his apartment five months before the expiration of his lease is comparatively insignificant; and that the defendant stands ready to amply compensate him for such disadvantage."

It does not appear, in fact the contrary appears, that the work of demolition has so far progressed as to render an injunction futile. The defendant purchased the property in question at private sale, and with full knowledge of existing conditions, and subject to the rights of persons in possession. It is engaged in the prosecution of a private enterprise for private profit. It contends that the plaintiff has an adequate remedy at law in an action for damages; that an injunction should not be granted unless irreparable damage is threatened, or that the defendant is shown to be irresponsible; and that money is an adequate compensation. The decisions cited by the defendant do not, however, uphold its contention. Under the facts and circumstances as disclosed by the affidavits submitted on this motion, I am not prepared to admit that the damages that might be sustained by the plaintiff, should the methods taken by the defendant to evict him be successful, as they would be if continued, could be proven or recovered in a common-law action. Neither am I willing to subscribe to such methods or the practice sought to be established by the conduct of the defendant herein. I much prefer the doctrine enunciated by Mr. Justice Beekman in the case (not reported) of Boitel v. Morton, where he, under a somewhat similar state of facts, says "that the latter [the defendant] is clearly within his right, both legal and equitable, in insisting upon retaining his tenancy during the continuance of his term, notwithstanding the exigencies which apparently make it so important to the defendant to obtain possession of the premises. To assume any other position in a case of this kind would be to subject every lessee to the will of an old or new owner, who might desire, during the continuance of his lease, to destroy the leased building for the purpose of erecting a new one." The injunction should be continued so far as to prohibit the defendant from interfering with the plaintiff in his rights of ingress and egress to and from his apartment; from discontinuing the elevator service for the use of the plaintiff at reasonable hours and times; from interfering with the gas or water pipes, if the effect thereof will be to deprive the plaintiff of his supply; and from tearing down or removing any portion of the said Cumberland building in any way that will materially interfere with the plaintiff's right to the enjoyment of his rooms therein, or that will render the same untenantable.

Ordered accordingly.